IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WACOH COMPANY,

                                                                                   OPINION and ORDER

                Plaintiff,

                                                                                     08-cv-456-slc

       v.

CHRYSLER LLC, FORD MOTOR COMPANY,
AMERICA HONDA MOTOR CO. INC.,
MAZDA MOTOR OF AMERICA, INC., GM
CORPORATION, VOLKSWAGEN GROUP OF
AMERICA, INC., BMW OF NORTH AMERICA,
L.L.C., MERCEDES-BENZ USA, LLC,
AMERICAN SUZUKI MOTOR CORPORATION,
ANALOG DEVICES, INC.,

                Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WACOH COMPANY,

                                                                                  OPINION and ORDER

                Plaintiff,

                                                                                     08-cv-691-slc[2]

---

[1] In an order entered December 18, 2008, I granted the parties' stipulation to dismiss Freescale Semiconductor, Inc from this case. I have amended the caption accordingly.

[2] In Case No. 08-cv-456-slc the parties have declined the jurisdiction of the magistrate judge and in Case No. 08-cv-691-slc the parties have not had an opportunity to consent. Because no Article III judge has been assigned to this case, I have assumed jurisdiction over the cases temporarily to resolve the parties' current disputes.

1

v.

CHRYSLER LLC, FORD MOTOR COMPANY,
AMERICA HONDA MOTOR CO. INC.,
MAZDA MOTOR OF AMERICA, INC., GM
CORPORATION, VOLKSWAGEN GROUP OF
AMERICA, INC., BMW OF NORTH AMERICA,
L.L.C., MERCEDES-BENZ USA, LLC,
AMERICAN SUZUKI MOTOR CORPORATION,
ANALOG DEVICES, INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In these two suits, plaintiff Wacoh Company is suing the same set of defendants for alleged infringement of its United States Patent No. 6,512,364 (the '364 patent), which is directed at certain methods for testing sensors. Plaintiff filed its original lawsuit, Case No. 08-cv-456-slc, on August 6, 2008, alleging past and future infringement by defendants. This case has been slow to get off the ground. First, several parties were granted leave to intervene and plaintiff was granted leave to amend its complaint to add claims against the intervenors; since then, additional companies have moved for intervention. Three such motions are currently under advisement. Next, Magistrate Judge Crocker recommended granting plaintiff's motion for leave to file a second amended complaint but also recommended that all of plaintiff's claims involving infringement that occurred before July 16, 2008 be dismissed for lack of standing because that date is when plaintiff purportedly

2

received title to the patent and the parties to that transfer failed to specify that plaintiff owned the right to sue for past infringement. Defendant Volkswagen has now objected to this recommendation and has filed a third motion to dismiss for lack of standing and to strike the second amended complaint on the same grounds as it objects to the recommendation. (Although the parties have not completed briefing on defendant Volkswagen's third motion to dismiss and motion to strike, that motion will be denied as redundant in light of defendant Volkswagen's objection to the report and recommendation on the same grounds.)

The story does not end there. Judge Crocker's recommendation that the past infringement claims be dismissed has convinced plaintiff to file a second lawsuit, Case No. 08-cv-691-slc, to assert its past infringement claims against defendants now that it has cured the standing problem. Of course, plaintiff has filed a prompt motion to consolidate the cases; defendant Volkswagen is the sole objector to this motion as well.

As to these motions, I conclude that (1) the motions to intervene will be granted; (2) Judge Crocker's report and recommendation will be adopted and the second amended complaint will be the operative pleading and plaintiff's past infringement claims will be dismissed from the original lawsuit; (3) defendant Volkswagen's motions to dismiss for lack of standing will be denied for the same reasons; and (4) plaintiff's motion to consolidate the two cases will be granted.

After cleaning up that procedural mess, I will address one other motion, which is defendants' joint motion to transfer this case to the Eastern District of Michigan. That motion will be granted because that forum is clearly more convenient to the parties. A number of defendants have their principal place of business in the Eastern District of Michigan, the other defendants and intervenors do not oppose transfer to that district and plaintiff has undermined its only asserted interest in litigating in this forum, which is the relative speed of this district, by creating its own delay through mistakes and litigation strategy.

OPINION

A. <u>Motions to Intervene in 08-cv-456-slc</u>

In Case No. 08-cv-456-slc, Akebono Brake Corporation, Robert Bosch LLC and Continental Teves AG & Co. oHG have moved to intervene under Fed. R. Civ. P. 24(b) on the ground that each of them is a supplier of certain sensors alleged to be infringing in one or more of defendants' cars. Dkts. ##115, 116, and 125. Plaintiff did not oppose any of the motions to intervene, but did ask in its briefs for an opportunity to file another amended complaint to include new claims against the intervenors. I will grant the motions to intervene because, aside from the fact that no party opposes the motions, it is apparent that the proposed intervenors have "claim[s] or defense[s] that share[] with the main action a

common question of law or fact" and intervention will not "unduly delay or prejudice" the parties. Fed. R. Civ. P. 24(b). As for plaintiff's request for leave to file another amended complaint, it never filed a formal motion for that request and, in light of my conclusion that transfer is proper, I will leave that matter in the hands of the transferee court. One final point on this issue. I note that although the intervenors submitted proposed answers to plaintiff's first amended complaint, that pleading will be mooted by my decision to make plaintiff's proposed second amended complaint the operative pleading, so the intervenors will have to file new answers.

### B.  Report and Recommendation in 08-cv-456-slc

Next, in a report and recommendation entered December 1, 2008, United States Magistrate Judge Stephen Crocker recommended that plaintiff be granted leave to file a second amended complaint; defendant Volkswagen's motions to dismiss be denied as moot in light of the second amended complaint; and plaintiff's claims for infringement occurring before July 16, 2008 be dismissed for lack of standing while its claims for later infringement proceed. Defendant Volkswagen has filed an objection to the recommendations.

Defendant Volkswagen contends that plaintiff should not be granted leave to file the second amended complaint on three grounds: because plaintiff failed to seek leave to amend its complaint, because plaintiff included new claims in the second amended complaint

5

without having first analyzed their viability and because the second amended complaint would have to be dismissed immediately for lack of standing. As to defendant Volkswagen's first point, plaintiff's failure to formally move for leave to file the second amended complaint upon filing it was a harmless mistake, particularly now that defendant Volkswagen has had an opportunity to object to its filing. Next, defendant Volkswagen's concern that plaintiff failed to first investigate whether grounds existed for infringement of each product before alleging as much in the second amended complaint is not a ground for denying leave to amend; to the extent defendant is concerned about this matter, it is free to seek relief under Rule 11.

This leaves defendant Volkswagen's argument that plaintiff should not be allowed to amend its complaint because it would be futile. Defendant Volkswagen cites <u>Paradise Creations, Inc. v. UV Sales, Inc.</u>, 315 F.3d 1304, 1310 (Fed. Cir. 2003), for the proposition that a plaintiff lacking Article III standing at the time it filed suit cannot cure that defect by later amending the complaint. However, to frame the issue that way conflates the question whether plaintiff could repair defects in standing with the question whether plaintiff could add new claims for which it *did* have standing at the time of filing suit. <u>Paradise Creations</u> prohibits the former, not the latter. Indeed, in <u>Paradise Creations</u> the court acknowledged that there is no bar to proceeding on claims for which "the plaintiff had a cognizable injury at the inception of suit for the purpose of Article III standing." <u>Id.</u> What is barred is

6

attempting to proceed on claims for which the plaintiff "lacked a cognizable injury necessary to assert standing under Article III" when filing suit, regardless whether its standing to sue later materializes.  Id.  Allowing plaintiff to file a second amended complaint is not futile because the proposed complaint includes claims against defendant Volkswagen and the other defendants for infringement that arose *after* plaintiff received title in the patent.  Because I agree with Judge Crocker that plaintiff should be granted leave to file its second amended complaint, dkt. #132 will be the operative pleading; for the same reason, defendant Volkswagen's first two motions to dismiss for lack of standing are mooted, although the issue is not.

As to Judge Crocker's final recommendation that plaintiff's claims for infringement occurring before July 16, 2008 be dismissed for lack of standing, no party objects to that recommendation, although defendant Volkswagen contends that *all* claims should have been dismissed for the same reason that the second amended complaint should be because some of them were defective.  As I explained above, plaintiff may proceed on claims for which it had standing at the time of filing suit; therefore, I agree with Judge Crocker that only plaintiff's claims against defendants for infringement occurring before July 16, 2008 must be dismissed for lack of standing.  Therefore, I will adopt this recommendation as well.

7

C. <u>Motion to Consolidate 08-cv-456-slc and 08-cv-691-slc</u>

In light of Judge Crocker's recommendation that plaintiff's past infringement claims be dismissed for lack of standing, plaintiff filed a second lawsuit after obtaining an explicit transfer of the patentee's right to sue for past infringement. Plaintiff has moved to consolidate the cases under Fed. R. Civ. P. 42(a) to "make the case whole." Defendant Volkswagen is the sole objector to this motion to consolidate. First, it contends that the original case should have been dismissed in its entirety because of the standing problems it suffered. As I explained above, that is not so because plaintiff is asserting claims for which it has standing to sue.

Defendant Volkswagen's only other basis for objecting to consolidation is its concern that consolidating the cases under the earlier schedule of the first case would "prejudice" defendant Volkswagen. I agree that the current schedule could not be sustained, and this is primarily plaintiff's fault for failing to insure it had standing before it filed suit in the first place. However, defendant's concern may be addressed without sacrificing the efficiency of allowing the parties to litigate as one case what really is one case. The better approach is to consolidate the cases and make changes to the scheduling. In light of my conclusion that the cases case should be transferred, a new schedule will have to be set by the transferee court, but I am confident that the parties will have an opportunity to request a fair schedule.

Finally, I note that, although the intervenors have not moved to intervene in the later

8

lawsuit, this is of no matter; the consolidation of the cases should come as no surprise to the intervenors, nor should the new claims: the intervenors moved to intervene in the original case before Judge Crocker recommended dismissal of plaintiff's claims for past infringement. Because consolidation of the two cases would further the goals of Rule 42, I will grant plaintiff's motion to consolidate, dkt. #2 in case no. 08-cv-691-slc.

### D. Motions to Transfer Venue

Defendants have moved to transfer both cases to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). (Plaintiff has not had an opportunity to respond to defendants' motion to transfer in case no. 08-cv-691-slc; however, defendants rest that motion almost entirely on the grounds it asserted in case no. 08-cv-456-slc, to which plaintiff has responded. Defendants' only new point is a citation to In re TS Tech USA Corp., Misc. Dkt. No. 888, 2008 WL 5397522 (Fed. Cir. Dec. 29, 2008), a very recent Federal Circuit case applying Fifth Circuit law that they think further supports their motion. Although I am skeptical of its applicability, I decline to consider the case because it is unnecessary to the resolution of the parties' dispute. Because plaintiff has responded to all other arguments asserted by defendants in the context of the motion to transfer brought in the first case, both motions will be considered together.)

Section 1404(a) allows a district court to transfer a case when the moving party has

9

shown that transfer would serve the convenience of parties and witnesses and promote the interest of justice.  Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). Transfer is proper when (1) venue is proper in the transferor district; (2) the transferee district is one in which the action could have been brought; and (3) the transferee court is "clearly more convenient."  Id.  The parties do not dispute that venue is proper here and the action could have been brought in the Eastern District of Michigan; the only issue is whether that district is "clearly more convenient" for the parties than this one.

In this case, this question is simply a matter of weighing plaintiff's interest in a speedy resolution of this case against defendants' convenience in having this case tried there.  The parties assert no other interest.  The overall convenience of litigating this case in the Eastern District of Michigan is almost too obvious to state.  The primary defendants in this case are large automobile manufacturers, many of which have either their principal place of business or at least some relevant business operations in that district.  In addition, at least one of the intervenors and other third-party suppliers have their relevant business operations in that district.  As for the other defendants and intervenors, none are opposed to transferring the case to that district. Although plaintiff suggests that it "considered the geographic centrality of Wisconsin among all parties" when it filed suit, all defendants want to be in the Eastern District of Michigan and they have a good reason for it.

Plaintiff is a Japanese corporation with no ties to Wisconsin; its only interest in

10

litigating the case in this district is the relative speed of the docket. Exactly how much delay plaintiff would face by transfer is unclear: a trial date has been set for November 2009, although the parties have recommended adding three months to this date in light of the new case and motions to intervene. However, any trial date set at this point is tentative because no Article III judge has been assigned to this case in the unusual circumstances in which one of the two district judges is on medical leave. That said, the average trial time in the Eastern District of Michigan is 25.8 months; therefore, it is safe to assume that plaintiff will face some delay upon transfer.

In the right case, trial speed alone may be the determinative factor. Id. at 220. However, in this case plaintiff's interest in speed deserves little weight. First, plaintiff does not practice its patent, which means that it is not in competition with defendants and their alleged infringement will not affect plaintiffs' ability to do business. For the same reason, plaintiff is seeking only monetary relief for defendants' infringement. As a result, delay is not likely to have a serious impact on plaintiff. In the event defendant is found to be infringing, plaintiff may still be made whole.

Second, and more important, plaintiff has created substantial delay by litigating the case the way it has. It filed the original suit before it established its right to sue for past infringement and before it had a clear notion of the scope of infringement, evidenced by its drastic increase in the number of allegedly infringing products identified in the second

11

amended complaint. In addition, it chose to sue only the large car companies despite the likelihood that the suppliers of the allegedly infringing parts would want in. Now plaintiff has joined defendants in asking to extend the scheduling in this case and has asked for another opportunity to amend its complaint to assert claims against the intervenors.

Plaintiff's mistakes and litigation strategy have resulted in the filing of several legitimate motions to intervene and motions to dismiss for lack of standing and required plaintiff to file a new case several months after filing the original case. By creating its own delay, and even asking for extensions of time in light of that delay, plaintiff has undermined its asserted interest in a speedy resolution. Therefore, I am persuaded that defendants' interest in transferring venue to the Eastern District of Michigan clearly outweighs plaintiff's interest in keeping the case here for a quicker resolution and will grant defendants' motion to transfer the case.

ORDER

IT IS ORDERED that

1. Defendant Volkswagen Group of America, Inc.'s motion to dismiss for lack of jurisdiction or to strike plaintiff's second amended complaint, dkt. #194, is DENIED as unnecessary.

2. The report and recommendation of the United States Magistrate Judge, case no.

08-cv-456-slc, dkt. #146, is ADOPTED and the following is ordered pursuant to that recommendation:

    a. Plaintiff Wacoh Company's motion for leave to file a second amended complaint in case no. 08-cv-456-slc is GRANTED; plaintiff's second amended complaint, dkt. #132, is the operative pleading.

    b. Defendant Volkswagen Group of America, Inc.'s motions to dismiss for lack of subject matter jurisdiction, case no. 08-cv-456-slc, dkt. ##67 and 114, are DENIED as moot; and

    c. Plaintiff's claims in case no. 08-cv-456-slc against defendants Chrysler LLC, Ford Motor Company, America Honda Motor Co. Inc., Mazda Motor of America, Inc., GM Corporation, Volkswagen Group of America, Inc., BMW of North America, L.L.C., Mercedes-Benz USA, LLC, America Suzuki Motor Corporation, and Analog Devices, Inc., for infringement of United States Patent No. 6,512,364 are DISMISSED for lack of subject matter jurisdiction with regard to infringement that occurred before July 16, 2008.

3. The motions to intervene filed in case no. 08-cv-456-slc by Akebono Brake Corporation, dkt. #115, Robert Bosch LLC, dkt. #116, and Continental Teves AG & Co. oHG, dkt. #125, are GRANTED.

4. Plaintiff's motion to consolidate cases 08-cv-456-slc and 08-cv-691-slc is

13

GRANTED.

5. Defendants' motions to transfer cases 08-cv-456-slc, dkt. #110, and 08-cv-691-slc, dkt. #24, pursuant to 28 U.S.C. § 1404(a) are GRANTED; the clerk of court is directed to transmit the case files to the United States District Court for the Eastern District of Michigan.

Entered this 6th day of January, 2009.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        BARBARA B. CRABB
                                        District Judge